## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| RASA HAYES, an individual, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CONVERGENT HEALTHCARE RECOVERIES, INC., an Illinois corporation; CF MEDICAL, LLC, a Nevada Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### **COMPLAINT – CLASS ACTION**

### **I. PRELIMINARY STATEMENT**

1. Plaintiff, Rasa Hayes ("Hayes"), brings this action for the illegal practices of Defendants, Convergent, Inc. ("Convergent") and CF Medical, LLC ("CF Medical") (collectively "Defendants"), who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and others.

2. Plaintiff alleges that defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

1

competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." See S. Rep. No. 95-382 p.5 (describing FDCPA as "self-enforcing").

6. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

7. The FDCPA is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions. *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) ("[T]he representation need not be deliberate, reckless, or even negligent to trigger liability--it need only be false....").

8. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally

be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

10. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. §1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

11. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

12. Plaintiff seeks statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. Plaintiff requests an award of statutory, common law, punitive, and/or actual damages payable by defendants.

## II. PARTIES

13. Hayes is a natural person.

14. At all times relevant to this complaint, Hayes has been a citizen of, and resided in, the Borough of Spring Lake, Monmouth County, State of New Jersey.

15. At all times relevant to this complaint, Convergent is a for-profit corporation existing pursuant to the laws of the State of Illinois.

16. Convergent maintains its principal place of business at 121 NE Jefferson Street, Suite 100, Peoria, Illinois. Its registered agent and offices are Janet Marie Draher, 121 NE Jefferson Street, Suite 100, Peoria, Illinois 61602.

17. At all times relevant to this lawsuit, CF Medical is a limited liability company

existing pursuant to the laws of the State of Nevada.

18. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this lawsuit CF Medical maintains its principal place of business at 101 Convention Center Drive, Suite 700, Las Vegas, Nevada.

19. Defendants, John and Jane Does Numbers 1 through 25, are sued under fictitious names as their true names and capacities are yet unknown to plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these Doe defendants once they are ascertained.

20. Plaintiff is informed and believes, and on that basis alleges, that CF Medical is a purchaser of performing and non-performing consumer medical debts, which are in default at the time the debts are acquired.

21. CF Medical collects, and attempts to collect, defaulted consumer medical debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

22. In connection with its debt servicing operations, CF Medical routinely hires other debt collectors, such Convergent, to send dunning letters to consumers in an effort to collect money on the defaulted consumer medical debts CF Medical acquires.

23. CF Medical is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. CF Medical is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. CF Medical holds a debt collector license from the state of Illinois.

26. Convergent collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

27. Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. Convergent holds a debt collector license from the state of Illinois.

29. Plaintiff is informed and believes, and on that basis allege, that defendants John and Jane Does Numbers 1 through 25 are natural persons and/or business entities all of whom

reside or are located within the United States, and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Convergent and CF Medical that are the subject of this Complaint. Those defendants personally control the illegal acts, policies, and practices utilized by Convergent and CF Medical and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

30.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

31.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because (a) Convergent is headquartered here, (b) CF Medical is liable because it hired Convergent to perform services for it in this District, (c) a substantial part of the events giving rise to plaintiff's claims occurred within this federal judicial district, and (d) defendants are each subject to personal jurisdiction in the State of Illinois at the time this action is commenced.

### IV.  FACTS CONCERNING THE PARTIES

32.    On or about April 25, 2006, Hayes allegedly incurred a financial obligation for medical services to Jersey Shore University Medical Center ("Jersey Shore Obligation").

33.    The Jersey Shore Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

34.    At some point after Hayes' alleged default, the original creditor of the Jersey Shore Obligation determined that the debt was uncollectible, and therefore decided to "charge-off" the debt.

35.    Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes)

5

when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

36.	Plaintiff is informed and believes, and on that basis alleges, that after concluding that the debt was uncollectible the creditor charged-off the accounts and, together with hundreds or thousands of other charged-off medical accounts, sold the debts to one or more unknown purchaser(s) of defaulted consumer debts.

37.	Defendants contend that the Jersey Shore Obligation is in default.

38.	The alleged Jersey Shore Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

39.	Hayes is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

40.	Hayes is informed and believes, and on that basis alleges, that sometime prior to February 10, 2014, the creditor of the Jersey Shore Obligation either directly or through intermediate transactions, assigned, placed, transferred, or sold the debt to CF Medical for collection.

41.	Plaintiff is informed and believes, and on that basis allege, that sometime prior to February 10, 2014, and within the one-year period immediately preceding the filing of the complaint in this action, CF Medical either directly or through intermediate transactions assigned, placed, or transferred the Jersey Shore Obligation to Convergent for collection.

42.	On or about February 10, 2014, Convergent mailed a collection letter to Hayes concerning the Jersey Shore Obligation, which is dated February 10, 2014, and which Hayes received in the ordinary course of mail. ("2/10/14 Letter"). A true and correct copy of the 2/10/14 Letter is attached hereto as <u>Exhibit A</u>, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Hayes' home address in an effort to protect her privacy.

43.	The 2/10/14 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

44. The 2/10/14 Letter was sent to Hayes in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

45. The 2/10/14 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. As of January 20, 2014, more than seven years had elapsed since the last payment or activity on the Jersey Shore Obligation that is the subject of the 2/10/14 Letter.

47. Pursuant to N.J. Stat. § 2A:14-1, the statute of limitations is 6 years for filing suit to collect a medical debt.

48. After purchasing defaulted consumer debts, CF Medical, through its agents, such as Convergent, undertakes various means to collect these debts from consumers such as plaintiff by, *inter alia*, engaging in a campaign sending thousands of dunning collection letters in the forms attached hereto as Exhibit A, which "offer" to "settle" a consumer's defaulted financial obligation for a large discount that is only available for a limited time for the consumer to accept.

49. Plaintiff is informed and believes, and on that basis alleges, that defendants have no legal right or basis to file a lawsuit against plaintiff or other similarly situated consumers in the State of New Jersey to collect defaulted debts that are more than six years old, such as that sought to be collected in Exhibit A, as those debts are legally non-enforceable.

50. Plaintiff is informed and believes, and on that basis alleges, that defendants have no legal right or basis to report the debt, and other consumer debts of the same vintage (i.e., more than 7 years old), to credit reporting agencies.

51. CF Medical and Convergent regularly attempt to collect defaulted consumer debts on which the statute of limitations has expired.

52. Convergent regularly sends letters to consumers in the State of New Jersey, in the form of Exhibit A, in an effort to collect defaulted debts on which the statute of limitations has expired.

53. Convergent regularly sends letters on behalf of CF Medical to consumers in the State of New Jersey, in the form of Exhibit A, in an effort to collect defaulted debts on which the

statute of limitations has expired.

54. Upon reading the 2/10/14 Letter, Hayes believed, as would the unsophisticated debtor, that she had a legal obligation to pay the Jersey Shore Obligation Defendants were "offering" to "settle" and that they might seek to file a lawsuit to collect the debt, and/or report the debt to Credit Reporting Agencies, if she did not accept their "settlement offer."

55. The 2/10/14 Letter falsely implies that the Jersey Shore Obligation is legally enforceable by making Hayes a "settlement" "offer" to "resolve [her] account."

56. Nothing in the 2/10/14 Letter disclosed that the Jersey Shore Obligation was barred by the statute of limitations and/or not legally enforceable.

57. It is the policy and practice of CF Medical and Convergent to send and cause the sending of letters, in the form attached hereto as <u>Exhibit A</u>, that seek to collect time-barred debts and do not disclose that the debts are in fact time-barred and, therefore, legally unenforceable.

58. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

59. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

60. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were

time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations...." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

61.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

62.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

63.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

64.     Courts have also held that a debt collector's "settlement" offer made to consumers on a time-barred debt is misleading. *See e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

65.     Convergent and CF Medical engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as the 2/10/14 Letter, which offers to settle time-barred debts without disclosure of that fact.

## V.  POLICIES AND PRACTICES COMPLAINED OF

66.     It is defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as <u>Exhibit A</u>, that offer to settle time-barred debts without disclosure of that fact.

67.     On information and belief defendants' collection letters, in the form attached as <u>Exhibit A</u>, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

68.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

69.     The Convergent Class consists of (a) all individuals with addresses in the State of New Jersey (b) to whom Convergent (c) sent a collection letter offering a settlement of a debt (d) on which the last payment or activity had occurred more than six years prior to the date of the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

70.     The CF Medical Class consists of (a) all individuals with addresses in the State of New Jersey (b) to whom a collection letter was sent on behalf of CF Medical (c) offering settlement of a debt (d) on which the last payment or activity had occurred more than six years prior to the date of the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

71.     The identities of all class members are readily ascertainable from the records of defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

72.     Excluded from the classes are the defendants and all officers, members, partners, managers, directors, and employees of the defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

73.     There are questions of law and fact common to the classes, which common issues

predominate over any issues involving only individual class members. The principal issue is whether the defendants' written communications to consumers, in the form attached as <u>Exhibit A</u>, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

74.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

75.     Plaintiff will fairly and adequately protect the interests of the classes defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither plaintiff nor plaintiff's counsel have any interests, which might cause them not to vigorously pursue this action.

76.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

77.     **Numerosity:**  Based on the use of form documents and the fact that debts are generally acquired in portfolios of debts of similar vintage, plaintiff alleges that the classes defined above are so numerous that joinder of all members would be impractical.

78.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether defendants' written communications to consumers, in the form attached as <u>Exhibit A</u>, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

79.     **Typicality:**  Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the classes have claims arising out of the defendants' common uniform course of conduct complained of herein.

80.     **Adequacy:**  Plaintiff will fairly and adequately protect the interests of the class members insofar as plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither

plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

81.     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

82.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

83.     Plaintiff incorporates by reference paragraphs 1-82.

84.     Defendants violated the FDCPA. Defendants' violations, with respect to their written communications in the forms attached as Exhibit A include, but are not necessarily limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(e)     Using an unfair or unconscionable means to collect or attempt to collect any debt

12

in violation of 15 U.S.C. § 1692f.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in favor of plaintiff and the classes and against defendants as follows:

(a) An order certifying that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing plaintiff and the undersigned counsel to represent the plaintiff classes as previously set forth;

(b) An award of the maximum statutory damages for plaintiff and the plaintiff classes pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(c) An award of actual damages for plaintiff and the plaintiff classes, including all amounts paid on time-barred debts, pursuant to 15 U.S.C. § 1692k(a)(1);

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) For such other and further relief as may be just and proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com


Andrew T. Thomasson
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302

(201) 479-9969
(855) 479-9969 (FAX)
E-Mail: andrew@thomassonllc.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                        s/Daniel A. Edelman
                                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Andrew T. Thomasson
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
(201) 479-9969
(855) 479-9969 (FAX)
E-Mail: andrew@thomassonllc.com

## **DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                                                       s/Daniel A. Edelman
                                                       Daniel A. Edelman

T:\30626\Pleading\Complaint 12-1-14 DAE_Pleading.wpd