IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RASA HAYES, an individual, on behalf of plaintiff and a class, ) ) ) Plaintiff, ) ) v. ) ) CONVERGENT HEALTHCARE RECOVERIES, ) INC., an Illinois Corporation; CF MEDICAL, LLC, ) a Nevada Limited Liability Company; and JOHN ) and JANE DOES NUMBERS 1 THROUGH 25 ) ) Defendants, ) | Case No. 14-1467 |

## ORDER AND OPINION

Now before the Court is Defendants, CONVERGENT HEALTHCARE RECOVERIES, INC.'s, an Illinois Corporation ("CHRI") Motion to Transfer Venue to the District of New Jersey [20]. CF MEDICAL, LLC, a Nevada Limited Liability Company ("CF MEDICAL") (collectively "Defendants"), joins the Motion [22]. RASA HAYES ("Plaintiff") filed a response. [23]. This order follows.

### BACKGROUND

On December 9, 2014, Plaintiff filed a Complaint, individually and on behalf of a putative class, against the Defendants. Plaintiff's complaint alleges Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA"), by sending Plaintiff a collection letter offering to settle a debt owed to the Jersey Shore University Medical Center for medical services. Defendants have filed the current motion arguing this case should be transferred to the United States District Court for the District of New Jersey.

**DISCUSSION**

## I. Legal Standard

The Defendants moved to transfer venue pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> [F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a)

In considering a motion for transfer pursuant to § 1404(a), the Court must consider whether venue is proper in the transferor district and in the transferee district, the statutory factors of convenience of the parties, convenience of the witnesses, and the interest of justice in light of all the circumstances of the case, and "the movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986); Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996). The Supreme Court has held that §1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). See also, Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973, 978 (7th Cir. 2010).

## II. Analysis

As an initial matter, the Court notes that both parties make meritorious arguments, and interestingly, both argue the forum they seek is most convenient to the *other*. The Court also notes that both parties concede that venue is proper in both the Central District of Illinois and District of New Jersey thereby satisfying the first two prongs of the §1404(a) analysis.

2

Accordingly, the Court will turn its attention to the remaining prong: the statutory factors of convenience of the parties, convenience of the witnesses, and the interest of justice.

   A. **Convenience of Parties and Witnesses**

The party seeking a transfer "bears the burden of showing that "the transferee forum is clearly more convenient" than the transferor forum. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). In deciding whether to transfer a case pursuant to § 1404(a), a court may consider several factors, including the plaintiff's choice of forum, the situs of material events, the convenience of the witnesses, and the convenience of the parties. See Caterpillar, Inc. v. ESCO Corp., 909 F. Supp. 2d 1026, 1030 (C.D. Ill. 2012); Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Limited Partnership, 807 F. Supp. 470, 474 (N.D. Ill. 1992).

Defendants first argue Plaintiff's choice of forum should be accorded no weight because Illinois is not the Plaintiff's home forum, Plaintiff is bringing the suit on behalf of two classes, and New Jersey has a stronger relationship to the dispute. However, Defendants' argument is contrary to the current case law. When a Plaintiff chooses an alternative forum from that of her home state, the Court may give the *less* deference to the Plaintiff's choice of forum, rather than no deference (emphasis added). See Gullone v. Bayer Corp. (In re Factor VIII or IX Concentrate Blood Products), 484 F.3d 951, 956, (7th Cir. Ill. 2007) *quoting* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)("if the plaintiff is suing far from home, it is less reasonable to assume that the forum is a convenient one and therefore "the presumption in the plaintiff's favor 'applies with less force.'"); See also, Ag v. Bally Mfg. Corp., U.S. Dist. LEXIS 5714, *4 (N.D. Ill. Apr. 7, 1992). Defendants must show a clear balance of inconvenience before Plaintiff's choice of forum is disturbed. See Butterick Company, Inc. v. Will, 316 F.2d 111 (7th Cir. 1963); see also, Allied Metal Co. v. Edgerton Metal Prods., 908 F. Supp. 576 (N.D. Ill. 1995). Accordingly, the Court

will give Plaintiff's choice of forum some deference in determining whether venue is more appropriate in New Jersey rather than the Central District of Illinois.

Defendants next argue that the situs of material events occurred in New Jersey, and therefore, transfer to New Jersey is appropriate. Specifically, Defendants argue Plaintiff incurred the debt in New Jersey and made payments on the debt in New Jersey. The Court finds Defendants' argument unpersuasive because the underlying claim concern Defendants' debt collection practices, and not the underlying circumstances that gave rise to the debt. Defendants mailed the letters from the Central District of Illinois and requested Plaintiff, and others, in response to the letters, to communicate by telephone and in writing to the Convergent offices in Peoria, Illinois. Defendants' debt collection practices at issue originated in this District; accordingly, the situs of material events, as it relates to Plaintiff's FDCPA claim, is located in the Central District of Illinois.

Defendants' third argument is convenience of the parties, witnesses, and access to the evidence weighs in favor of transfer to New Jersey. This argument is unpersuasive. Defendant, Convergent, as Plaintiff often points to with emphasis, is located in Peoria, Illinois, 1300 feet from the United States District Courthouse where this case was filed. All of the records exist in the Central District of Illinois and the Defendant's witnesses are located here. Much of the discovery will center on the issue of the Defendants' practice in collecting this specific debt. The Court is well aware that depositions generally occur where the parties and witnesses reside. Therefore, the lawyers and not the parties will incur most travel costs. In fact, it is unlikely a Plaintiff will appear in court until such time as there is a trial. The same will be true for the Defendant's representatives and witnesses who, if required to travel to New Jersey, would similarly be burdened and inconvenienced. When balancing the factor of location of witnesses

and records, the Court cannot find requiring the Defendants to litigate this case in this District would constitute a clear balance of inconvenience to Defendants.

   **B. Interests of Justice**

The Defendants argue the interests of justice favor a transfer of this case to the District of New Jersey. When considering interests of justice the Court considers four factors in determining whether transfer to another venue is appropriate: "(1) docket congestion and likely speed to trial in the transferor and potential transferee forums; (2) each Court's relative familiarity with the relevant law; (3) the respective desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy." Research Automation Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F. 3d. 973, 978 (7th Cir. 2010).

Judicial economy does not favor transfer to New Jersey. Contrary to Defendants' assertion, the Central District of Illinois and District of New Jersey are comparable with regards to docket congestion and speed of trial. There is only a two-month difference between the initial filing time and disposition of a case and in terms of rankings the District of New Jersey is 62nd and the Central District of Illinois is 63rd, respectively, when considering the time between when a case is filed and is disposition.

Defendants next argue that the District of New Jersey is likely to be more familiar with New Jersey law. The Court finds that applicable law is not so complex as to warrant transfer. Plaintiff's complaint raises a single question of federal law, whether Defendant Convergent's letter violates the FDCPA. Within that issue it appears that an interpretation of New Jersey's statute of limitations will be necessary. As Plaintiff points out, federal courts in Illinois have frequently and correctly interpreted New Jersey's statute of limitations laws. See Nelson v. Sandoz Pharmaceuticals Corp., 288 F, 3d 954 (7th Cir. 2002)(Seventh Circuit Court of Appeals

determined whether New jersey's statute of limitations and discovery rule governed plaintiff's claims); <u>Stavriotis v. Litwin</u>, 710 F. Supp. 216 (N.D. Ill. 1988) (Northern District of Illinois compared Illinois' and New Jersey's respective statutes of limitations on legal malpractice claims); <u>Pucci v. Litwin</u>, 828 F. Supp. 1285 (N.D. Ill. 1993) (Northern District of Illinois interpreted New Jersey's statute of limitations for attorney malpractice claims); and <u>Davis v. Ret. Plan of Phibro Animal Health Corp.</u>, 845 F. Supp. 2d 915 (S.D. Ill. 2012) (Southern District of Illinois interpreted New Jersey's statute of limitations for breach of contract).

Although interpreting a New Jersey statute of limitations issue may, at first glance, seem to be a question for a New Jersey court[1], as cited previously herein, federal courts are routinely called upon to decide state law and the initial question in this case is the application of federal law and the Fair Debt Collection Practices Act, which this Court is more than qualified to decide. Further, the Court is confident that the parties will carefully brief the underlying issues in this case and clearly set forth the applicability of New Jersey law.

Defendants also argue that venue is more appropriate in the District of New Jersey because New Jersey has a stronger connection to the controversy. Defendants once again attempt to argue that because the debt was incurred at New Jersey hospital, venue is more appropriate in the District of New Jersey. The Court reminds Defendants that it is their debt collection practices that are at issue in this case. While there is some merit in Defendants' argument that New Jersey has an interest in insuring that their residences are not abused by improper debt collections practices, Illinois also has interest in ensuring that businesses operating within the state are not violating federal law.

---

[1] Some may even argue that issues of a New Jersey statute of limitations might be best made by a New Jersey State Court Judge as opposed to any Federal Judge.

Lastly, Defendants argue that Plaintiff should not be permitted to forum shop for the laws more favorable to her FDCPA claims. Defendants cite to Baird v. Blue Cross Blue Shield of Texas, 2011 U.S. Dist. LEXIS 104598*26 (N.D. Ill. 2011) to support their argument that Plaintiff is forum shopping. In Baird, the Court transferred Plaintiff's case to The Northern District of Texas after finding that "aside from the possibility of forum shopping, we struggle to see why Plaintiff chose to bring this suit so far away from home." Id. The Baird case is distinguished from the case at bar in that Plaintiff in Baird asserted diversity jurisdiction rather than federal question. In addition, Baird not only dealt with complex issues of Texas law, but also the material events occurred in Texas and all witnesses and documents were located in Texas. Here the alleged unlawful activity that gave raise to Plaintiff's claim occurred in Illinois. In addition the records are located in Central District of Illinois. Accordingly, the Court finds that Defendants did not present sufficient evidence to show Plaintiff is engaged in impermissible forum shopping.

All things being equal, when considering whether to transfer an action Court's should "give some weight to the Plaintiff's choice of forum." Federal Deposit Ins. Corp v. Citizens Bank & Trust Co. of Park Ridge Il. 592 F. 2d 364, 368 (7th Cir. 1979). Considering all the factors set forth above, including the convenience of the parties and witnesses, the Court finds the Defendant has neither shown a "clear balance of inconvenience" nor made a showing that the interests of justice we be better served by transferring this matter to the District of New Jersey. Accordingly, the Motion to Transfer [20] Venue is respectfully denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Transfer Venue [20] is DENIED in their entirety. Defendants are directed to file their responses to Plaintiffs' Motion to Certify Class, if any, on or before August 3, 2015.

Entered this 20th day of July, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge